**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2007[*]
Decided August 21, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, Circuit Judge

No. 06-3712

NORMA PRICE,
    *Plaintiff-Appellant,*

    *v.*

MARS, INC., et al.,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of
Illinois, Eastern Division.

No. 05 C 6802

Harry D. Leinenweber,
*Judge.*

## O R D E R

Norma Price worked for Mars, Inc., until her termination in April 1996. Almost four years later, in March 2000, she filed a charge of discrimination with the Equal Employment Opportunity Commission alleging race and disability discrimination during her employment. The EEOC issued a right-to-sue letter in April 2000, but Price waited another five years, until December 2005, to file the pro se lawsuit underlying this appeal. Price's complaint includes claims under Title VII

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1991, 42 U.S.C.A. §§ 12101 to 12213, and Illinois tort law. Essentially she alleges that she was injured on the job in 1994, and that Mars and its insurance carrier conspired with the doctor they hired to examine her in order to conceal that she required back surgery. Mars, she continues, then pressured her to resume her regular duties, which exacerbated her injuries and eventually led to her termination for poor performance. The district court dismissed the federal claims on the ground that the charge of discrimination was untimely, and the state claims as barred by the applicable limitations periods under Illinois law.

Price appeals, but she does not challenge the district court's reasoning and instead simply recites the allegations presented in her complaint. We discern no error. Price did not file her administrative charge of discrimination within the 300-day limit applicable to workers in Illinois, and for that reason her federal claims are barred. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708-09 (7th Cir. 2006); *Stepney v. Naperville Sch. Dist.*, 392 F.3d 236, 239 (7th Cir. 2004); *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). Her state-law claims are plainly untimely as well. Price admits that she knew of the extent of her injuries before she was fired in 1996, but her fraud theory is subject to a five-year statute of limitations, *see* 735 Ill. Comp. Stat. 5/13-205; *Horbach v. Kaczmarek*, 288 F.3d 969, 973 (7th Cir. 2002), and the rest of her tort claims are subject to the general two-year limitations period, *see* 735 Ill. Comp. Stat. 5/13-202; *Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006).

AFFIRMED.